## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**CHRISTOPHER BERNARD WEST**                                     **PETITIONER**

**VS.**                      **CASE NO. 5:08CV00292 JLH/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                            **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Christopher Bernard West, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. West was convicted following a 2006 jury trial in Pulaski County Circuit Court of robbery, theft of property and resisting arrest. Petitioner was sentenced to an aggregate term of 480 months. On May 23, 2007, the Arkansas Court of Appeals affirmed the convictions. *West v. State*, No. CACR06-949. Petitioner subsequently sought postconviction relief pursuant to A.R.Cr.P. 37, alleging his trial attorney failed in numerous ways[1] to adequately represent him. The trial court denied relief on November 21, 2007. A notice of appeal was filed by Mr. West with the trial court on December 27, 2007. The Arkansas Supreme Court refused to lodge the record, citing the late filing of the notice of appeal. Mr. West filed a motion for rule on the clerk, which was denied by the Arkansas Supreme Court on March 6, 2008.

In the petition now before the Court, the following grounds for relief are advanced:

1.  Petitioner was denied his right to appeal his Rule 37 petition due to error by the trial court clerk;

2.  Petitioner was improperly denied counsel during the photo line-up; and

3.  Petitioner received ineffective assistance of counsel in the following ways:
    a. Counsel failed to investigate the case, denying West the opportunity to present a defense;
    b. Counsel failed to rebut evidence;

---

[1] Petitioner alleged his trial lawyer failed to subpoena witnesses, failed to impeach witnesses, failed to object to a photo line-up, failed to object to pictures used in the line-up as being doctored by police, and failed to adequately investigate and prepare for trial.

      c. Counsel caused the prosecution to withhold material evidence;
      d. Counsel failed to impeach witnesses;
      e. Counsel failed to subpoena character witnesses; and
      f. Counsel failed to interview the victim.

The respondent contends that ground one should be dismissed as it does not raise a claim under federal law. In addition, the respondent urges that the remaining grounds (grounds 2 & 3) are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. By previous Court Order Mr. West was notified that dismissal of grounds two and three was possible due to the apparent procedural default. He was invited to explain why those grounds should not be dismissed, and he has filed a responsive pleading. We first consider whether those grounds are properly before the Court, and will then proceed to address the merits of any claims which are before the Court.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to

counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his explanatory pleading (docket entry no. 12), Mr. West concedes that his notice of appeal of his Rule 37 denial was not filed by the clerk of the trial court in a timely fashion. The notice of appeal should have been filed by December 20, 2008, but was not filed until December 27, 2008. Mr. West urges, however, that he was not to blame for the tardy filing, having placed the notice of appeal in the prison mail system on December 17, 2008[2]. Citing *Houston v. Lack*, 487 U.S. 266 (1988), he contends that the "prison mailbox rule" applies to his efforts and that the notice of appeal should have been deemed as filed on December 17, 2008, when Mr. West delivered the notice to the prison officials for mailing. While the *Houston* case applies to *pro se* prisoner pleadings in federal court, the same rule does not generally apply in state courts. In Arkansas the "prison mailbox rule" has not been adopted and the Arkansas Supreme Court clearly expressed this in its opinion denying Mr. West's motion for rule on the clerk, as follows:

> Here, petitioner contends that he mailed the notice of appeal in a timely manner, alluding to the prison mailbox rule. This court has previously declined to adopt the mailbox rule which provides that a pro se inmate files his or her petition at the time the petition is placed in the hands of prison officials for mailing. *Hamel v. State,* 338 Ark . 769, 1 S.W.3d 434 (1999). An item tendered to a court is considered filed on the date it is file marked by the clerk, not on the date it may have been placed in the mail. *See id;* Ark. R.App. P.-Civ. 4(a); *see also Leavy v. Norris,* 324 Ark. 346, 920 S.W.2d 842 (1996) (per curiam); *Skaggs v. State,* 287 Ark. 259, 697 S.W.2d 913 (1985) (per curiam).
>
> It was the sole responsibility of petitioner to perfect the appeal. *Sullivan v. State,* 301 Ark. 352, 784 S.W.2d 155 (1990) (per curiam). Petitioner has shown no

---

[2]Mr. West claims he delivered two notices of appeal on December 17, 2008, to the prison officials. One of these was addressed to the circuit clerk of the trial court, and the other was addressed to the Arkansas Supreme Court, according to the petitioner. Mr. West produces a letter from the Arkansas Supreme Court acknowledging receipt of a notice of appeal on December 19, 2008. See page 28, docket entry no. 3.

4

good cause for his failure to comply with proper procedure.

*West v. State*, 2008 WL 601483, 1 (Ark.) (Ark.,2008).  State courts are the ultimate expositors of their own state's laws, and federal courts entertaining habeas corpus petitions are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances.  *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981).  Here, there is no reason to reject the state court's construction and application of its statutes.  As a result, we reject Mr. West's claim that he timely presented his claims of ineffective assistance of counsel in state court.

Having found that grounds two and three were not presented in state court, the burden falls upon Mr. West to establish cause for this failure, as well as prejudice stemming from the failure to present the claims.  His explanatory pleading can be divided into two categories: one, the argument that the "mailbox rule" should apply; and two, arguments that relate to the merits of the claims he advances.  He does not offer arguments for excusing the failure to pursue these claims in state court.  A review of the record before the Court does not suggest a reason why the claims were not advanced.

Mr. West, in his habeas corpus petition, does assert as a reason for this failure in state court, that he is actually innocent of the charges.  Actual innocence, if proven, obviates the need to show cause and prejudice for failing to press claims in state court.  The United States Supreme Court guides us in considering actual innocence:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Mr. West; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  Mr. West does not provide any

new reliable evidence to support his innocence argument. Rather, he argues about the evidence adduced at trial and about other evidence that was known at the time but not presented, or not presented in the fashion he desired, at trial. This falls far short of the showing required by the *Schlup* case.

In summary, we find that grounds two and three were not adequately presented in state court, that the petitioner has not demonstrated cause and prejudice for this failure, and that he has not shown his actual innocence. As a result, we find that these claims are procedurally barred and should be dismissed as not properly before the Court.

We now address the first ground of Mr. West, that he was denied his right to appeal his Rule 37 petition due to error by the trial court clerk. This ground, as framed by Mr. West, is a challenge to state law and its interpretation. Federal habeas corpus relief is available for one who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, Mr. West has not stated a cognizable claim for federal habeas corpus relief, and ground one should be dismissed on that basis.

Included in ground one is a claim that Mr. West was denied an attorney during a photographic line-up shown to the victim. This claim, as with claims two and three, was not raised in state court, and is procedurally barred based upon the same analysis that applies to grounds two and three.

In addition to the foregoing reasons for dismissal, the Court has also carefully reviewed the trial transcript. The record shows that the victim of the robbery and theft testified that West asked him for money and drugs, knocked him down, bit him, and took the key to his 2001 Ford Escort, on December 11, 2005. On cross examination, the victim described West as about six feet tall, "kind of skinny," and about thirty years old. He testified that West had on blue clothes and a hat at the time of the crime. (Tr. 64-74). Little Rock Police Officer Antonio Metcalf testified that he was patrolling the mid-town area on December 11, 2005, and spotted a 2001

Ford Escort about an hour after the car jacking had been reported by the victim. He testified that West was driving the vehicle and was apprehended after a brief pursuit. Metcalf described West as six foot one inch tall, with a slim build, and thirty-five years old. Metcalf did not recall if West was wearing a hat, and testified that West had a scar on the right side of his face and a tattoo on his left inner forearm. (Tr. 78-88). Little Rock Police Detective Chad Herndon showed the victim a photographic spread of six males with similar characteristics. The victim "immediately picked" West as the perpetrator of the crimes, according to Herndon. (Tr. 92-93). On cross examination, defense counsel stressed the discrepancies in the victim's description of West, such as the victim noting that West was wearing a hat. (Tr. 96). After the state rested, the sole witness called by the defense was Detective Herndon. The defense continued with their strategy of questioning the victim's identification of West, focusing on whether West was wearing a blue shirt, as described by the victim, or a shirt of another color, as shown by a photograph taken at the time of arrest. Detective Herndon described the shirt as "bluish gray." (Tr. 96).

Our review of the transcript shows that even if we were to ignore the procedural errors in state court, the grounds advanced by Mr. West would not be meritorious. In particular, the allegations of ineffective assistance of counsel are not supported by the record. In order to prove ineffective assistance of counsel, petitioner must prove that (1) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (1983); *Ryder v. Morris*, 752 F.2d 327, 331 (8th Cir. 1985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir. 1984); *Bell v. Lockhart*, 741 F.2d 1105, 1106 (8th Cir. 1984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining

counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

In this instance, Mr. West's attorney was faced with a daunting task – her client, had he chosen to testify, would have been questioned about his four prior felonies, the identification of petitioner by the victim and the police officer were rock solid, and the physical evidence, such as the recovery of the vehicle, was damning. Under these circumstances, the defense strategy chosen by counsel cannot be faulted.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and denied because ground one does not state a claim for habeas corpus relief and grounds two and three are not properly before the Court. Alternatively, there is no merit to the claims of Mr. West.

IT IS SO ORDERED this   20   day of March, 2009.

UNITED STATES MAGISTRATE JUDGE